UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>CHRISTOPHER WILDER,<br><br>Defendant(s). | Case No. 2:17-CR-254 JCM (GWF)<br><br>ORDER |

Presently before the court is petitioner Christopher Wilder's motion to vacate, amend, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 42). The government filed a response, (ECF No. 44), to which petitioner replied, (ECF No. 45).

**I.   Background**

Prior to his current term of incarceration, petitioner served several felony sentences: In 1988, he was convicted of felony burglary. (ECF Nos. 1, 34 (citing pre-sentence report)). In 1991, he was again convicted of felony burglary. (*Id.*). In 1994, petitioner was convicted of felon in possession of a firearm, and in 2001, petitioner was yet again convicted for burglary. (*Id.*). In 2004, petitioner was convicted of possession of a credit or debit card without the cardholder's consent. (*Id.*). For the foregoing crimes, he served multiple distinct sentences of incarceration, each in excess of one year. (*Id.*).

In July 2017, petitioner was discovered to have broken into a house with a firearm, striking an occupant with the butt of the handgun. (*Id.*). On April 16, 2018, petitioner pled guilty to felon in possession of a firearm. (ECF No. 28). The court sentenced him to 66 months' imprisonment to run concurrent with his state sentences and three years of supervised release. (ECF No. 40). Judgment was entered on September 27, 2018. (*Id.*). Petitioner did not appeal.

On June 18, 2020, petitioner filed his instant § 2255 motion in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019) ("*Rehaif*"). (ECF No. 42).

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Relief pursuant to § 2255 should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions exist because the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982). Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). Furthermore, a petitioner's claims are procedurally barred if they could have been raised on direct appeal are not. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998). However, procedural default is excused if the defendant can show cause *and* prejudice, or actual innocence. *Id.*

## III. Discussion

Petitioner brings his claim for relief in light of *Rehaif*. (ECF No. 42). There, the Supreme Court held that, to convict under 18 U.S.C. § 924(c), the government must prove that defendant *knew* he fell into a prohibited category. 139 S. Ct. at 2194. Petitioner's indictment and plea agreement did not include this additional mens rea element—that defendant knew his legal status as a felon prohibited possession of a firearm. (ECF Nos. 1, 28). Petitioner contends that he is entitled to relief due to his indictment's defect. (ECF No. 42). By failing to appropriately describe the crime, defendant was stripped of several constitutional rights, specifically his Fifth Amendment grand jury protections, Fifth Amendment right not to be tried, and Sixth Amendment rights of notice and effective assistance of counsel. (*Id.*); *see* U.S. Const. amend. V; U.S. Const. amend. VI. "*Rehaif*'s required mens rea status element is absent from every stage of Mr. Newman's case, infecting the entire proceedings with constitutional errors." (*Id.*). This court disagrees.

As an initial matter, petitioner is timely. *See* 28 U.S.C. § 2255(f)(3) (The one-year statute of limitations for habeas relief runs from "the date on which the right asserted was initially recognized by the Supreme Court."). *Rehaif* was issued on June 21, 2019, and the instant motion

**James C. Mahan**
**U.S. District Judge**

- 2 -

was filed on June 18, 2020.  The government concedes that *Rehaif* applies retroactively and that this motion is timely.  (ECF No. 44).

Petitioner argues that this court lacked subject-matter jurisdiction due to the indictment's failure to state *Rehaif's* mens rea element.  (ECF No. 42).  To establish subject-matter jurisdiction, the indictment must sufficiently allege an "offense[] against the laws of the United States."  18 U.S.C. § 3231; *see United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003).  The government responds that this circuit has held that "defects in an indictment do not deprive a court of its power to adjudicate a case."  *Ratigan*, 351 F.3d at 962–63 (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)).  The law on this question is clear.  "A district court 'has jurisdiction of all crimes cognizable under the authority of the United States . . . [and][t]he objection that the indictment does not charge a crime against the United States goes only to the merits of the case."  *Cotton*, 535 U.S. at 630–31 (2002) (quoting *Lamar v. United States,* 240 U.S. 60, 65 (1916)).  The Ninth Circuit has found that petitioner's position is "untenable in light of . . . *Cotton*."  *United States v. Velasco-Medina*, 305 F.3d 839, 845 (9th Cir. 2002).  Indeed, the indictment here refers to the applicable statute and thus adequately informs defendant of the charged offense.  *See United States v. Ruelas*, 106 F.3d 1416, 1419 (9th Cir. 1997).  This court finds no defect in subject-matter jurisdiction.

Next, this court examines the government's argument that petitioner waived his ability to attack the sufficiency of the indictment when he entered into his guilty plea.  (ECF No. 44).  "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Petitioner responds that he has not waived his claims because they are jurisdictional.  (ECF No. 42); *see United States v. Johnston*, 199 F.3d 1015, 1020 (9th Cir. 1999) (finding an exception to waiver for cases in which "the indictment failed to state a valid claim.").  As this court has already found, his claims are not jurisdictional.  *See Cotton*, 535 U.S. at 630–31 (2002) ("A district court 'has jurisdiction of all crimes cognizable under the authority of the United States . . . [and][t]he objection that the indictment does not charge a crime against the United States goes only to the merits of the case.").

**James C. Mahan**
**U.S. District Judge**

- 3 -

Here, petitioner challenges only the missing *Rehaif* element throughout his proceedings prior to the entry of his guilty plea—an issue that may be cured by a new indictment. (ECF No. 42). Courts have identified these types of challenges as non-jurisdictional and waivable by guilty plea. *See Class v. United States*, 138 S. Ct. 798, 805 (2018); *see also United States v. Dowthard*, 948 F.3d 814, 817 (7th Cir. 2020) ("[A] guilty plea waive[s the] right to assert that the indictment fail[s] to state an offense."); *United States v. Lavalais*, 960 F.3d 180, 186 (5th Cir. 2020) ("To the extent [the defendant] argues his indictment is fatally defective because it did not contain an element of the offense under § 922(g), he failed to preserve that claim by pleading guilty."). This court finds that petitioner's guilty plea bars his instant claims. However, recognizing that the Ninth Circuit has yet to speak on this issue, this court will proceed to examine procedural bar as well.

To overcome procedural bar, petitioner's claim must demonstrate "cause and prejudice, or actual innocence" in order to overcome his failure to raise the claim on direct appeal. *Massaro*, 538 U.S. at 504. Petitioner does not claim actual innocence; thus, he must demonstrate 1) cause and 2) prejudice. (ECF No. 42).

Petitioner appropriately satisfies "cause" not to raise the issue of *Rehaif* on direct appeal. At the time, Ninth Circuit law found in opposite to *Rehaif*. *See United States v. Enslin*, 327 F.3d 788, 798 (9th Cir. 2003) ("No mens rea is required for the felon status element of the felon in possession statute."). "[W]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures." *Reed v. Ross*, 468 U.S. 1, 16 (1984).

However, petitioner was not prejudiced. In the context of a guilty plea, prejudice requires that petitioner demonstrate "a reasonable probability that, but for [the] errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A growing number of courts have denied § 2255 challenges regarding *Rehaif* for their failure to show prejudice as to overcome procedural default. *United States v. Lowe*, No. 214CR00004JADVCF, 2020 WL 2200852, at *1 n. 15 (D. Nev. May 6, 2020) (collecting cases); *see also United States v. Reynolds*, No. 2:16-CR-00296-JAD-PAL-3, 2020 WL 5235316 (D. Nev. Sept. 2, 2020); *United States v. Bueno*, No. 2:17-CR-00406-RCJ-GWF, 2020 WL 4505525 (D. Nev. Aug. 5, 2020). Here, petitioner served multiple felony sentences, including for a prior charge of felon in possession of a firearm, long before his current conviction. The record

James C. Mahan
U.S. District Judge

- 4 -

demonstrates that petitioner knew that he had been convicted of these felonies, having spent more than a year in prison on each occasion. This court finds that petitioner fails to establish a "reasonable probability" that he would not have pled guilty or that the government would not have been able to prove *Rehaif*'s mens requirement beyond a reasonable doubt. *Hill*, 474 U.S. at 59.

Alternatively, petitioner suggests that his indictment's defect is a "structural error" which would automatically satisfy prejudice. (ECF Nos. 42, 45). "[S]tructural errors are a very limited class of errors that affect the framework within which the trial proceeds, such that it is often difficult to asses[s] the effect of the error." *United States v. Marcus*, 560 U.S. 258, 263 (2010) (quotations omitted). Petitioner notes that the Ninth Circuit has ruled that an indictment's failure to state a "necessary allegation of criminal intent" is structural error. *United States v. Du Bo*, 186 F.3d 1177, 1181 (9th Cir. 1999). "[I]f properly challenged prior to trial, an indictment's complete failure to recite an essential element of the charged offense is . . . a fatal flaw requiring dismissal of the indictment." *United States v. Omer*, 395 F.3d 1087, 1088 (9th Cir. 2005) (quoting *United States v. Du Bo,* 186 F.3d 1177, 1179 (9th Cir. 1999)).

This court is unconvinced that *Du Bo*'s statement applies to the instant situation. First, this court takes cues from *Omer*'s dissent from denial of rehearing en banc, which—while non-binding—at least demonstrates that *Du Bo* is controversial within the circuit. *United States v. Omer*, 429 F.3d 835, 837 (9th Cir. 2005). Judge Graber, joined by five of her colleagues, call for a reexamination of *Du Bo* in light of *Cotton,* 535 U.S. at 630, which "directly eliminated the jurisdictional premise for the automatic reversal rule." *Id*.

Most persuasively, the *Omer* dissent notes a plethora of cases in which the circuit reviewed defective indictments for plain error and ultimately found the error harmless. *Id.* at 838; *see United States v. Velasco-Medina,* 305 F.3d 839, 847 (9th Cir. 2002) (holding that "any defect in the indictment was harmless"); *United States v. Leos-Maldonado,* 302 F.3d 1061, 1064 (9th Cir. 2002) ("Leos cannot meet the third condition [of the plain error standard]."). Indeed, this outcome is at odds with the label of "structural error," where true structural error "def[ies] analysis by harmless error standards." *Weaver v. Massachusetts*, 137 S. Ct. 1899, 1907–08 (2017).

Furthermore, a growing number of circuits have found no structural error in the context of *Rehaif. See United States v. Coleman*, 961 F.3d 1024, 1027 (8th Cir. 2020); *United States v.*

James C. Mahan
U.S. District Judge

- 5 -

*Trujillo*, 960 F.3d 1196 (10th Cir. 2020); *United States v. Hicks*, 958 F.3d 399 (5th Cir. 2020); *Ruelas v. Wolfenbarger*, 580 F.3d 403 (6th Cir. 2009); *but see United States v. Gary*, 954 F.3d 194 (4th Cir. 2020). Finally, "in *Rehaif* itself, the Supreme Court remanded for harmless-error review rather than reversing the conviction outright." *Reynolds*, 2020 WL 5235316, at *5 (citing *Rehaif*, 139 S. Ct. at 2200). Thus, this court declines to interpret the instant defect as structural error. Petitioner fails to overcome procedural bar.

In light of the foregoing, this court denies petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

**IV.     Certificate of Appealability**

The court declines to issue a certificate of appealability. Under 28 U.S.C. § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further. *See id.* Accordingly, the court declines to issue a certificate of appealability.

**V.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 42) be, and the same hereby is, DENIED.

The clerk is directed to enter separate civil judgment denying petitioner's § 2255 motion in the matter of *Wilder v. United States*, case number 2:20-cv-01117-JCM.

DATED September 14, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -